■ MBIA INSURANCE CORPORATION, Respondent-Appellant, v COUNTRYWIDE HOME LOANS, INC., et al., Appellants-Respondents, et al., Defendant. [963 NYS2d 21]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 3, 2012, which granted plaintiff MBIA Insurance Corporation's motion for partial summary judgment to the extent of concluding that: (1) pursuant to Insurance Law §§ 3105 and 3106, plaintiff was not required to establish causation in order to prevail on its fraud and breach of contract claims; and (2) plaintiff was entitled to rescissory damages; and denied the motion to the extent it sought a finding that the parties' repurchase agreement required defendants Countrywide Home Loans, Inc., Countrywide Securities Corp., Countrywide Financial Corp., Countrywide Home Loans Servicing, L.P. and Bank of America to repurchase loans that were not in default, unanimously modified, on the law, that portion of the motion seeking summary judgment on the claim for rescissory damages denied, summary judgment on the issue of the repurchase obligation granted, and otherwise affirmed, without costs.

Contrary to defendants' arguments, the motion court was not required to ignore the insurer/insured nature of the relationship between the parties to the contract in favor of an across the board application of common law (*see* Insurance Law §§ 3105, 3106). Although the Insurance Law provides for "avoid-[ing]" an insurance policy (or rescission), it also mentions "defeat[ing] recovery thereunder" (*id.* §§ 3105 [b] [1]; 3106 [b]), which, logically, means something other than rescission. Neither defendants, nor the federal cases on which they rely (*see GuideOne Specialty Mut. Ins. Co. v Congregation Adas Yereim*, 593 F Supp 2d 471, 486 [ED NY 2009]; *Gluck v Executive Risk Indem., Inc.*, 680 F Supp 2d 406, 417 n 9 [ED NY 2010]), explain why "defeat[ing] recovery thereunder" cannot refer to the recovery of payments made pursuant to an insurance policy without resort to rescission. Moreover, both cases, which are from the Eastern District of New York, are flatly contradicted by two from the Southern District of New York (*see Syncora Guar. Inc. v EMC Mtge. Corp.*, 874 F Supp 2d 328, 337 [SD NY

2012] [citing the Supreme Court's opinion in this case (34 Misc 3d 895 [Sup Ct, NY County 2012]) regarding sections 3105 and 3106 approvingly and finding that "(t)he same reasoning applie(d) in th(at) case"]; *Assured Guar. Mun. Corp. v Flagstar Bank, FSB*, 892 F Supp 2d 596, 602-603 [SD NY 2012] [agreeing with *Syncora*]).

The court erred, however, in granting summary judgment on the issue of rescissory damages. Here, rescission is not warranted. Plaintiff voluntarily gave up the right to seek rescission—*under any circumstances*; and in fact, plaintiff does not actually seek rescission. Plaintiff should not be permitted to utilize this very rarely used equitable tool (*see Gotham Partners, L.P. v Hallwood Realty Partners, L.P.*, 855 A2d 1059, 1072 [Del Ch 2003]) to reclaim a right it voluntarily contracted away or to obtain relief it never actually requested. Nor is rescission impracticable. Impracticability refers to a scenario in which rescission is impracticable or impossible because the subject of the contract sought to be rescinded no longer exists, or is otherwise impossible or impractical to recover. Here, rescission is not impracticable in any relevant sense; rather, it is legally unavailable.

Finally, plaintiff is entitled to a finding that the loan need not be in default to trigger defendants' obligation to repurchase it. There is simply nothing in the contractual language which limits defendants' repurchase obligations in such a manner. The clause requires only that "the inaccuracy [underlying the repurchase request] materially and adversely affect[ ] the interest of" plaintiff. Thus, to the extent plaintiff can prove that a loan which continues to perform "materially and adversely affect[ed]" its interest, it is entitled to have defendants repurchase that loan (*see Syncora Guar. Inc.*, 874 F Supp 2d 328; *Assured Guar. Mun. Corp.*, 892 F Supp 2d 596). Whether or not such proof is actually possible is irrelevant to plaintiff's summary judgment motion.

It also bears noting that, had these very sophisticated parties desired to have an event of default or non-performance trigger the repurchase agreement, they certainly could have included such language in the contracts. They did not do so, and this Court will not do so now "under the guise of interpreting the writing" (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]).

As plaintiff recognizes, however, because it introduced transaction documents only for the securitization known as revolving home equity loan asset backed notes, series 2006-E, summary judgment on this issue is granted as to that securitization only.

We have considered the parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.